IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re JOSE LUIS RICO,                                   No. C 08-05338 SBA (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

_____/

  Petitioner, a state prisoner, filed a state habeas petition form addressed to the Santa Clara County Superior Court challenging his 2007 conviction by asking the court to dismiss his prior "strike" and prior prison term pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497 (1996). It was opened as a habeas corpus action in this Court. He has paid the filing fee.

  On April 17, 2009, Petitioner submitted a civil rights complaint form addressed to this Court. It was marked as "received" by the Clerk of the Court. In his complaint, Petitioner asks the Court to invalidate his prior "strike" and prior prison term pursuant to Romero. The Court notes that Petitioner has not alleged any challenges to his conditions of confinement in his complaint. Nevertheless, a federal habeas petition is not the proper way to raise claims challenging a prisoner's conditions of confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement). Accordingly, the Court strikes Petitioner's complaint without prejudice to refiling it if he wishes to allege any claims attacking the conditions of his confinement. Such claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983. Therefore, if Petitioner wishes to pursue such claims, he may do so by filing a new civil rights action accompanied by the requisite $350.00 filing fee or an in forma pauperis application.

  The Court now reviews the pending habeas petition in this action. However, Petitioner submitted his claims on a state habeas petition form. First, it is unclear whether he has exhausted his claims in state court. Furthermore, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S.

1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. Petitioner has not specified any violation of federal law in his state habeas petition. Therefore, the Court cannot fairly evaluate the petition in its present state.

Accordingly, the Court DISMISSES the petition with leave to amend in order to allow Petitioner an opportunity to file a proper federal habeas petition no later than **thirty (30) days** of the date of this Order. He must use the enclosed habeas corpus form, completed in full, including the state post-conviction relief he has sought. He must clearly state his federal grounds for relief and whether he is challenging his criminal conviction and sentence or the execution of his sentence. The amended pleading must be simple and concise. Finally, he must write the correct caption and case number for this action -- Case No. C 08-05338 SBA (PR) -- on the form, and clearly label it "Amended Petition."

**Failure to file an amended petition within the thirty-day deadline shall result in dismissal of this action without prejudice.**

The Clerk of the Court shall send Petitioner a blank federal habeas petition form along with his copy of this Order.

IT IS SO ORDERED.

DATED: 7/30/09

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.08\Rico5338.DWLA-unexh2.wpd